FILED

JUL 3 0 2018

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| PAMELA MORELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-1664 (UNA) |
| | ) | |
| LYNCHBURG DEPARTMENT | ) | |
| OF SOCIAL SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

It appears that a Virginia court terminated the plaintiff's parental rights, a decision she attributes to the court's assessment of her and the children's father's "intellectual quotient." Compl. at 6 (page number designated by ECF). The plaintiff asserts that the trial court erred, *see id.* at 5, and that its decision is not in the children's best interests, *see id.* at 5-6. The plaintiff asks that this Court "reverse the trial court[']s order terminating [her] parental rights and establishing a foster care goal of adopt[ion] because the Department of Social Services of the city of Lynchburg[, Virginia] failed to meet its burden of proof." *Id.* at 9. This Court has no authority to grant the relief the plaintiff seeks. Federal district courts' jurisdiction is limited, and this Court cannot "hear[] cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citations omitted).

The Court grants the plaintiff's application to proceed *in forma pauperis* and dismisses the complaint and this civil action. An Order accompanies this Memorandum Opinion.

DATE: 7/30/2018

_____
United States District Judge